Submitted on record and briefs August 21, reversed and remanded with instructions to enter modified judgment correcting petitioner's sentences; otherwise affirmed October 3, 2007

JAMEIL SCOTT KOJAH,
*Petitioner-Appellant,*

*v.*

Anthony J. SANTOS,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV031586; A126072

168 P3d 1258

Robert J. Smith and Robert J. Smith, P.C., filed the amended brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondents.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.

PER CURIAM

## PER CURIAM

Petitioner appeals a judgment denying his petition for post-conviction relief. In his first assignment of error, petitioner contends that he is entitled to post-conviction relief because he received ineffective assistance of counsel during his underlying criminal trial. In his second and third assignments of error, he contends that the post-conviction court should have remanded his case for resentencing based on the principles articulated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). We reject petitioner's second and third assignments of error without discussion and write only to address his first assignment of error. With respect to that assignment, the state concedes that petitioner is entitled to post-conviction relief. On review for errors of law, we agree with the state's concession and reverse and remand.

In his underlying criminal trial, petitioner entered into a plea agreement that contemplated that petitioner would receive sentences totaling 15 years on several robbery convictions and a consecutive five-year sentence for attempted assault. The trial court intended to impose sentences according to that agreement. However, as the result of a miscalculation, the court imposed cumulative sentences for the robberies that were more than 19 years. Neither petitioner's trial counsel nor his counsel on direct appeal noticed the miscalculation. The record reflects that, had trial counsel notified the court of the mistake, it would have been corrected. Accordingly, we reverse the post-conviction court's judgment on this claim of error and remand for the post-conviction court to enter a modified judgment correcting the sentences. ORS 138.520.

Reversed and remanded with instructions to enter modified judgment correcting petitioner's sentences; otherwise affirmed.